UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER AKOU, ANJALI BISWAS BRYCE GREENE, DAVID MCDONALD, MADELEINE MELDRUM, MAUREEN MURPHY, SARAH PHILLIPS, BENJAMIN ROBINSON, JESS TANG, JASPER WIRTSHAFTER, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>THE TRUSTEES OF INDIANA UNIVERSITY in their official capacities; PAMELA WHITTEN, in her official capacity as President of Indiana University, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. 1:24-cv-1469 ) ) ) ) ) ) ) ) |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1.　　Effective August 1, 2024, Indiana University enacted a new Expressive Activity Policy ("the Policy"). Among other things, the Policy prohibits "expressive activity" between the hours of 11:00 p.m. and 6:00 a.m. The policy is substantially overbroad and is not appropriately tailored and violates the First Amendment. The plaintiffs, who have previously engaged in expressive activity on the Bloomington campus of Indiana University, each wish to be able to engage in expressive activity between 11:00 p.m. and

[1]

6:00 a.m. and are now prohibited from doing so. They are entitled to declaratory and injunctive relief preventing the enforcement of this portion of the policy.

**Jurisdiction, venue, cause of action**

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.      Plaintiffs are all adults who reside in Monroe County, Indiana.

7.      The Trustees of Indiana University comprise the University's governing body and are charged with control of Indiana University and its property and setting policies concerning use of the property.

8.      Pamela Whitten is President of Indiana University, duly appointed by the Trustees of Indiana University.

**Factual allegations**

9.      Dunn Meadow is a large 20-acre open area on the campus of Indiana University in Bloomington, Indiana.

10. Under a policy first enacted in 1969, the Trustees of Indiana University designated Dunn Meadow "as a public forum for expression on all subjects."

11. Since that time Dunn Meadow has been the location of numerous protests, demonstrations, and other First Amendment expression on a variety of issues.

12. This includes expressive activity that occurred on April 25, 2024 and following days that centered on the continuing war in Gaza.

13. Plaintiffs all engaged in expressive activities on Dunn Meadow on April 25, 2024 or the days thereafter.

14. The Trustees of Indiana University, as the governing body of the University, have the power to determine the use of University property, including establishing University policies concerning that use. Ind. Code §§ 21-31-2-1, 21-39-2-2.

15. The Trustees of Indiana University also have the ability to delegate their powers to President Whitten who has the authority to execute the policies established by the Trustees. Ind. Code § 21-38-3-2.

16. Following the April protests the Trustees of Indiana University approved a new "Expressive Activity Policy" ("the Policy") on July 29, 2024. The Policy is attached to this complaint. (Exhibit 1).

17. The Policy regulates what are defined as "Expressive Activities" on Indiana University Property.

18. The Policy, quoting Indiana Code § 21-39-8-5, defines "Expressive Activity" to

[3]

include:

>  (1) Participating in speech or conduct protected by the First Amendment to the Constitution of the United States.
>
>  (2) Communicating by any lawful verbal, written, audio visual, or electronic means.
>
>  (3) Participating in peaceful assembly.
>
>  (4) Protesting.
>
>  (5) Making speeches, including speeches of guest speakers.
>
>  (6) Distributing literature.
>
>  (7) Carrying signs.
>
>  (8) Circulating petitions.

19.     The Policy provides that "Expressive Activity must take place between the hours of 6:00 a.m. and 11:00 p.m."

20.     The Policy provides that violation may result in immediate action including "citation, trespass, and/or interim suspension from campus" and may ultimately result in "suspension or exclusion from the University (for students)" or "suspension or termination of University employment."

21.     Each plaintiff wishes to engage in what the Policy defines as "Expressive Activity" during the hours between 11:00 p.m. and 6:00 a.m. but is prohibited from engaging in any Expressive Activity during this period even if the activity is not in any way disruptive, *e.g.*, standing silently either alone or with others, displaying a message on a sign or even a t-shirt, discussing a political issue with a companion, as well as many other forms of

recognized expression.

22. Plaintiffs are not able to engage in these forms of "Expressive Activity" between the hours of 11:00 p.m. to 6:00 a.m. or are threatened with punishment to the extent that they engage in this activity.

23. This is causing plaintiffs irreparable harm for which there is no adequate remedy at law.

24. At all times defendants have acted under color of state law.

**Claims for relief**

25. Defendants' policy, which prohibits all expressive activity on Indiana University property during the hours between 11:00 p.m. and 6:00 a.m., violates the First Amendment.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a. accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. enter declaratory relief that the 11:00 p.m. to 6:00 a.m. prohibition in the Expressive Activity Policy violates the First Amendment.

c. enter a preliminary injunction, later to be made permanent, enjoining so much of the recently enacted Expressive Activity Policy as prohibits "Expressive Activity" that takes place between the hours of 11:00 p.m. and 6:00 a.m.

d. award plaintiffs their costs and reasonable attorneys' fees.

e. award all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiffs